UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NATHANIEL R. BRAZILL,

    Plaintiff,

v.                                                       Case No. 8:14-cv-3131-T-27JSS

JOHN MINERS, et al.,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** is Plaintiff's Motion to Compel Production of Documents (Dkt. 117), which Defendants oppose (Dkt. 120). Plaintiff requests the court compel Defendants to "produce and provide to the Plaintiff. . .any and all photos that were produced and provided to Witness Gary Baker by Assistant Attorney General Kenneth V. Wilson." (Dkt. 117, p. 4). The request is denied.

Plaintiff asserts that during inmate Gary Baker's deposition on October 24, 2017, Baker possessed photographs of inmate cells at Hardee Correctional Institution that were given to Baker by Wilson.[1] Plaintiff maintains that Baker brought the photographs to the deposition pursuant to Defendants' Subpoena Duces Tecum, and that counsel for Defendants refused to permit Plaintiff to view the photographs on the ground that they were confidential. Plaintiff argues that the Department of Corrections "waived" the "confidentiality" of the photographs when they were provided to Baker in his lawsuit. Defendants argue that the motion to compel should be denied because: 1) the

---

[1] Baker has a pending civil rights action in which he, like Plaintiff, alleges that the policy at Hardee Correctional Institution requiring cell doors to remain locked open violates his right to privacy, since others can view his genitals and buttocks while using the toilet in his cell. *See Baker v. Mount*, Case No. 8:12-cv-2698-T-35MAP (M.D.Fla.).

photographs are confidential and privileged under Florida law; 2) Plaintiff has failed to comply with this court's Local Rules 3.01 and 3.04; 3) Plaintiff could have but failed to request photographs before the discovery deadline expired; 4) the photographs were not subpoenaed to be produced at Baker's deposition; and 5) neither Defendants nor the Department of Corrections waived the confidentiality of any items provided to Baker.

Despite Plaintiff's argument to the contrary, Defendants have not waived their objection to producing the photographs on confidentiality grounds merely because the photographs were provided to Baker in his case. *See Silverman v. Carvel Corp.*, 192 F. Supp. 2d 1, 7 (W.D.N.Y. 2001) ("A party can certainly choose to forgo enforcement of its rights against one person while reserving its rights against others, even if those others are similarly situated."); *In re Townsend*, 84 B.R. 764, 765 (Bankr. N.D.Fla. 1988) ("Counsel has not provided any authority nor has the Court been able to find any authority to support the proposition that the waiver of an objection to venue in one case should bar by waiver or estoppel a similar objection in another case"). Nonetheless, the photographs may still be discoverable even if they are exempt from disclosure under Florida's public record laws. *See, e.g., Reiser v. Wachovia Corp.*, 2007 U.S. Dist. LEXIS 42504, 2007 WL 1696033, at *2-3 (M.D. Fla. June 12, 2007) (Florida's public records law does not override otherwise permissible discovery under the Federal Rules of Civil Procedure). Plaintiff, however, could have requested that Defendants produce photographs of the relevant cells at Hardee Correctional Institution or to take photographs under Fed. R. Civ. P., Rule 34(a)(2),[2] before the discovery deadline passed. He has not alleged that

---

[2] Rule 34(a)(2) provides that "[a] party may serve on any other party a request within the scope of Rule 26(b):. . .to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it."

he made such a request, and he will not now be allowed to make a request for photographs, since the deadline for discovery has elapsed. *See Liu v. Univ. of Miami Sch. of Med.*, 693 F. App'x 793, 800 (11th Cir. 2017) (A district court "has broad discretion to compel or deny discovery under Fed. R. Civ. P. 26[,]" and "it is generally not an abuse of discretion to hold parties to the clear terms of a scheduling order.").

Plaintiff's Motion to Compel Production of Documents (Dkt. 117) is therefore **DENIED**.

**DONE and ORDERED** on *November 30th*, 2017.

JAMES D. WHITTEMORE
**United States District Judge**

Copies to: *Pro Se* Plaintiff; Counsel of Record