UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NATHANIEL R. BRAZILL,

    Plaintiff,

v.                                     Case No. 8:14-cv-3131-T-27TGW

JOHN MINERS, et al.,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** are Defendants', Flores, Johnson, Miners, Price, Serles and Ziegler's Amended Motion to Tax Costs (Dkt. 131), Plaintiff's opposition (Dkt. 134), and Defendants' reply (Dkt. 137). Plaintiff brought this action under 42 U.S.C. § 1983. On December 29, 2017, the Court entered judgment in favor of Defendants and against Plaintiff (Dkt. 128). Defendants, as prevailing parties, seek an award of costs incurred under Federal Rule of Civil Procedure 54, 28 U.S.C. § 1920, and Local Rule 4.18 (M.D.Fla.).

28 U.S.C. § 1920 sets forth the categories of trial expenses recoverable under Rule 54(d). Defendants request reimbursement in the amount of $3,536.65 - $170.00 for service of Plaintiff's witnesses for deposition; $155.10 in copying costs; $1,651.55 for the court reporter appearance fee for, and transcript of, Plaintiff's deposition; and $1,560.00 for court reporter appearance fees for Plaintiff's witnesses' depositions (Dkt. 129).

Plaintiff contends that Defendants' costs should either be denied or reduced by 75%. He argues that: 1) the cost of his deposition "should be limited to only 25% of the total amount sought" because "the deposition was unduly prolonged" (Dkt. 135, p. 2); 2) the cost of deposing Plaintiff's witnesses, Curry, Faulk, and Lanier, should be denied or reduced because "[d]eposing

all three witnesses was not necessary for the proper presentation of the Defendant's [sic] case" and the depositions were "unduly prolonged" (Id., p. 4); 3) the cost of deposing Plaintiff's witnesses, Baker and Edwards, should be denied as unnecessary and redundant, since Plaintiff, Curry, Faulk, and Lanier already had been deposed, Plaintiff previously explained the expected testimony of his witnesses, and Defendants did not obtain the transcripts of Plaintiff's witnesses or use their testimony in Defendants' motion for summary judgment (Id., p. 5); 4) the photocopying costs should be denied, since Defendants failed to support the request with adequate documentation regarding the nature of the items copied and which copies were not already paid for by Plaintiff (Id., p. 6); and 5) all costs should be denied or reduced because he is indigent and acted in good faith in bringing this action (Id., pp. 7-8).

**I. Plaintiff's financial status**

The court declines to deny Defendants' motion or reduce the costs on the basis of Plaintiff's alleged indigent status. *See Harris v. Forsyth*, 742 F.2d 1277 (11th Cir. 1984) (costs may be taxed against an indigent party); *Chapman v. AI Transport*, 229 F.3d 1012, 1039 (11th Cir. 2000) (a non-prevailing party's "financial status is a factor that a district court may, but need not, consider in its award of costs pursuant to Rule 54(d)."). And even if the court was to consider Plaintiff's financial status, he has failed to file documentation demonstrating a true inability to pay.

**II. Process Server Fees**

The fees for service of the deposition subpoenas on Plaintiff's witnesses are taxable. *See Powell v. Carey Intern., Inc.*, 548 F.Supp.2d 1351, 1356 (S.D. Fla. Mar. 12, 2008). And the court disagrees with Plaintiff's argument that the witnesses' deposition costs are not taxable because taking their depositions was unnecessary and redundant. The witnesses were listed on

Plaintiff's witness list (see Dkt. 105-1, pp. 1-2), and Plaintiff has failed to show that the depositions were not related to an issue in the case. *See Ogilvie v. Swank*, 2016 U.S. Dist. LEXIS 86692, at *4 (M.D. Fla. July 5, 2016) ("Courts have generally held that depositions of individuals named on the witness list at trial are recoverable as costs necessary for the case.") (citing *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207 (11th Cir. 2002)). Accordingly, the $170.00 for service of Plaintiff's witnesses for deposition will be taxed.

### III. Court reporters' fees

The court finds that the court reporters' fees for Plaintiff and his witnesses' depositions are taxable. *See Smith v. Conner*, 2014 U.S. Dist. LEXIS 56465 (M.D. Fla. April 23, 2014), *aff'd sub nom. Smith v. Warden Hardee Corr. Inst.*, 597 Fed. App'x 1027, 1032 (11th Cir. 2015) (taxing appearance fees); *Held v. Held*, 137 F.3d 998, 1002 (7th Cir. 1998) (although not specifically mentioned in 28 U.S.C. § 1920, deposition attendance fees charged by court reporter are taxable). *But see Newman v. Hous. Auth. of the City of Fort Lauderdale*, 2007 U.S. Dist. LEXIS 6797, at *7 (S.D. Fla. Jan. 31, 2007) (court reporter's deposition appearance fees are not taxable as they are not "listed in § 1920").

To the extent that Plaintiff contends that his witnesses' depositions were unduly prolonged by defense counsel, the contention is conclusory, self-serving, and unsupported by evidence or allegations of fact other than "[t]he depositions of Lanier and Curry were three hours in length and. . .the deposition of Faulk was six hours long over two days." (Dkt. 134, p. 4). The duration of those depositions complied with Rule 30(d)(1), Fed.R.Civ.P ("Unless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours."), and Defendants have explained why it was necessary to complete Faulk's deposition on a second day (see Dkt. 137, p. 2; Dkt. 103, p. 2). Plaintiff therefore has not met his burden to demonstrate that

the witnesses' depositions were unduly prolonged by defense counsel. *See Ortiz v. N.H. Inc.*, 2017 U.S. Dist. LEXIS 204024, *19 (S.D. Fla. December 12, 2017) ("Upon the filing of a timely motion or bill of costs, which sets forth in detail the amounts requested, the opposing party has the burden of showing that the costs requested fall outside the scope of [28 U.S.C. § 1920] or were otherwise unreasonable.") (citations omitted).

To the extent that Plaintiff contends that his deposition was unduly prolonged, his deposition was less than 6½ hours (see Dkt. 137, p. 1; Dkt. 129, p. 16) and therefore in compliance with Rule 30(d)(1). Moreover, having reviewed Plaintiff's deposition, the court cannot agree with Plaintiff that defense counsel unduly prolonged his deposition. Accordingly, the court reporters' fees will be taxed in full.

### IV. Cost of the transcript of Plaintiff's deposition

"[F]ees for transcripts are taxable if they were 'necessarily obtained for use in the case[.]'" *Lozman v. City of Riviera Beach*, 679 F. App'x 979, 980 (11th Cir. 2017) (quoting 28 U.S.C. § 1920(2)). Plaintiff's deposition transcript was "necessarily obtained for use in the case" because is was filed in support of Defendants' motion for summary judgment (see Dkt. 122-4). *See Osahar v. United States Postal Serv.*, 136 F. App'x 259, 261 (11th Cir. 2005) (affirming district court's award of costs for plaintiff's deposition transcript where "entirety of [plaintiff's] deposition transcript was filed in support of [defendant's] motion for summary judgment" and therefore was "'necessarily obtained for use in the case.'") (citation omitted). Accordingly, the cost of Plaintiff's deposition transcript will be taxed in full.

### V. Copying costs

Costs for copies "necessarily obtained for use in the case" are recoverable. *See* 28 U.S.C. § 1920(4) ("Fees for exemplification and the costs of making copies of any materials where the

copies are necessarily obtained for use in the case" are taxable); *Desisto College v. Town of Howey-in-the-Hills*, 718 F. Supp. 906, 913 (M.D. Fla. 1989) ("Copies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the court's consideration are recoverable."). Counsel for Defendants contends that 1034 pages were sent by mail either to Plaintiff or Defendants, including pleadings, letters, discovery responses, Plaintiff's deposition transcript, and documents for Defendants to review to answer discovery (Dkt. 131, pp. 4-5; Dkt. 129, pp. 23-24 - "Exhibit C"). Plaintiff argues that copying costs should be denied because he previously paid Defendants for some copies he received, and Defendants have not provided adequate documentation in support of their request (Dkt. 134, pp. 6-10; Dkt. 134-2, pp. 48-49).

"[T]he burden of establishing entitlement to copying costs lies with the prevailing party. . . ." *Daniel-Rivera v. Everglades Coll.*, 2017 U.S. Dist. LEXIS 93936, at *19 (S.D. Fla. June 15, 2017) (citations omitted). "[P]hotocopying is compensable if it was necessarily obtained for use in the case." *Id.* (citing *Scelta v. Delicatessen Support Services, Inc.*, 203 F. Supp.2d 1328, 1340 (M.D.Fla. 2002), and 28 U.S.C. § 1920(4)). Defendants have failed to itemize the copies they claim were necessarily obtained for use of the case and those that were for their own convenience. *See Desisto College, Inc. V. Town of Howey-in-the Hills*, 718 F.Supp. 906, 914 (M.D.Fla. 1989) (prevailing party must itemize photocopying costs to distinguish compensable copies from those made for the convenience of counsel). And they have failed to respond to Plaintiff's argument that he paid for some copies provided to him (see Dkt. 137). The court therefore will not award Defendants costs for photocopying.

## VI. Request for order directing Plaintiff not to withdraw or transfer funds, and discovery

Defendants request the court "order Plaintiff and those acting with his power of attorney not to withdraw or transfer assets from his inmate bank account and/or financial institutions in which Plaintiff's assets are located, pending the determination of this Motion, and any discovery related to identifying the bank account information needed to obtain the costs ordered by this Court from those accounts." (Dkt. 131, p. 1). Defendants have not referred to, and the court is not aware of, any authority authorizing this court to order Plaintiff not to withdraw or transfer his funds. Plaintiff, however, is required to pay the full amount of the costs ordered in the same manner as is provided for filing fees under 28 U.S.C. § 1915(a)(2). See 28 U.S.C. §1915(f)(2) ("If the judgment against a prisoner includes the payment of costs under this subsection, the prisoner shall be required to pay the full amount of the costs ordered. . . . The prisoner shall be required to make payments for costs under this subsection in the same manner as is provided for filing fees under subsection (a)(2).").

Accordingly, Defendants', Flores, Johnson, Miners, Price, Serles and Ziegler's Amended Motion to Tax Costs (Dkt. 131) is **GRANTED IN PART** as set forth herein. Defendants' Motion to Tax Costs (Dkt. 130) is **DENIED** as moot. The **Clerk of Court** is directed to enter a judgment in Defendants' favor and against Plaintiff for taxable costs in the amount of $3,381.55.

**DONE and ORDERED** on April 3rd, 2018.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Plaintiff *pro se*; Counsel of Record